**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**TIFFANY GOOGIN,**

      **Plaintiff,**            **CASE NO.:**

vs.

**NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK and d/b/a FLORIDA MENTOR, a Foreign Corporation,**

      **Defendant.**        /

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, TIFFANY GOOGIN ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK and d/b/a FLORIDA MENTOR, a Foreign Corporation (hereinafter "the Company"), and states as follows:

**-INTRODUCTION**

1. This case is brought pursuant to the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, and Florida Statutes §448.102(2), to recover front pay, back pay, liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, punitive damages and reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including, but not limited to equitable relief.

1

## PARTIES

2. Plaintiff is an adult individual who resides in Clay County, Florida.

3. Defendant, NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK and d/b/a FLORIDA MENTOR, a Foreign Corporation, licensed and authorized to conduct business in the State of Florida. At all times hereto, Defendant maintained an office and events in Orange County, Florida.

4. Defendant was an employer as defined by the laws under which this action is brought.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367.

6. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

7. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Middle District of Florida.

8. Plaintiff filed dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). On September 23, 2020, the FCHR issued its right-to-sue letter; which Plaintiff received on October 5, 2020. Therefore, this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## STATEMENT OF FACTS

9. At all times material to this action, Plaintiff worked for Defendant in Duval County, Florida beginning on or around October 2018, and ending on April 10, 2019.

10. At all times material to this action, Plaintiff was employed by Defendant as a Group Home Program Director.

11. At all times material to this action, Plaintiff reported up to Defendant's Area Director, Heather Stamper (hereinafter "Ms. Stamper").

12. This cause of action arises out of the fact that Defendant's staff members were being forced to work off the clock.

13. Immediately upon learning of staff members working off the clock, Plaintiff brought it to the attention of Ms. Stamper.

14. Ms. Stamper told Plaintiff that she was well-aware of the off-the-clock time, but admitted that she just "looked the other way" about it.

15. However, Plaintiff recognized the dangers of having staff members over worked and not being paid correctly.

16. So, despite, Ms. Stamper's reluctance, Plaintiff continued to push for the staff members to receive their fair compensation or in the very least hire additional staff members.

17. As Plaintiff continued to push for the Defendant to comply with the law, Ms. Stamper told Plaintiff, "[Y]ou need to lay down like a dog and become part of the pack."

18. Meanwhile, on or about January 30, 2019, Plaintiff had to undergo knee surgery.

19. Initially, when Plaintiff returned to work she was permitted to work from home due to her difficulty with walking, standing and driving.

20. On or about mid-March 2019, left with no other choice, Plaintiff complained to APD and the Department of Labor ("DOL") about the staff being forced to work off-the-clock.

21. A few days later, on or about March 28, 2019, Ms. Stamper revoked Plaintiff's work accommodation to work from home.

22. Then on or about April 10, 20219, Ms. Stamper terminated Plaintiff.

23. Based on the foregoing, Defendant's unlawful actions, which Plaintiff continued to complain about from October 2018 until her termination, were in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206 and §207 and also Art. X Section 24 of the Florida Constitution.

## COUNT I
## VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER ACT, FLA STAT §448.102

24. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 23, above, as if fully set forth herein.

25. Florida Statute §448.102(2) expressly provides that an employer may not take any retaliatory action against an employee because the employee has: "provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer."

26. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Florida Statutes §448.101(2).

27. At all times material to this action, Defendant was an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

28.     Defendant violated Florida Statutes §448.102(2) by taking retaliatory personnel actions against TIFFANY GOOGIN due to her complaints to Area Director, Ms. Stamper which were in violation of state and federal law and/or that Plaintiff reasonably and in good faith believed to be violations of Florida and Federal law. Specifically, Defendant was forcing staff member employees to routinely work off-the-clock in violation of violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206 and §207 and also Art. X Section 24 of the Florida Constitution.

29.     Defendant and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendant contributed to Plaintiff's damages, injuries, and losses.

30.     As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

31.     WHEREFORE Plaintiff, TIFFANY GOOGIN, demands judgment against Defendant, NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK and d/b/a FLORIDA MENTOR, for back pay, front pay in lieu of reinstatement, compensatory damages, prejudgment interest, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT II
## Disability/Perceived Disability Discrimination Under the ADAAA

32. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 23, above, as if fully set forth herein.

33. Plaintiff was a qualified individual with a disability.

34. Plaintiff was perceived as disabled by the Company.

35. The Company was Plaintiff's employer as defined by the ADAAA.

36. The Company discriminated/retaliated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

37. The Company discriminated and/or retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her need for accommodation.

38. The Company had actual or constructive knowledge of the discriminatory/retaliatory conduct.

39. The Company's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

40. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

41. Plaintiff has no plain, adequate or complete remedy at law for the actions of the Defendant, which have caused and continue to cause irreparable harm.

42. The Company's violations of the ADAAA were willful.

43. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

## COUNT III
### Failure to Accommodate Under the ADAAA

44. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 23, above, as if fully set forth herein.

45. Plaintiff was a qualified individual with a disability.

46. The Company was Plaintiff's employer as defined by the ADAAA.

47. Plaintiff's medical condition substantially limited one or more of her major life activities. As such Plaintiff required accommodation to continue to perform the essential duties of her position.

48. The accommodation requested by Plaintiff was reasonable and would not impose undue hardship on the Company.

49. Defendant revoked Plaintiff's reasonable work accommodation due to her complaints Defendant's illegal practices.

50. Defendant then refused to engage in the interactive process to determine if another accommodation was warranted and/or reasonable.

51. The Company's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

52. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

54. The Company's violations of the ADAAA were willful.

55. Plaintiff is entitled to recover of her attorneys' fees and costs pursuant to the ADAAA.

## COUNT IV
### Retaliation Under the ADAAA

56. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 23, above, as if fully set forth herein.

57. Plaintiff was a qualified individual with a disability.

58. Plaintiff was perceived as disabled by the Company.

59. The Company was Plaintiff's employer as defined by the ADAAA.

60. The Company discriminated/retaliated against Plaintiff because of her disability in violation of the ADAAA.

61. The Company discriminated and/or retaliated against Plaintiff because she exercised her rights under the ADAAA.

62. The Company had actual or constructive knowledge of the discriminatory/retaliatory conduct of the Defendant's Area Manager.

63. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

65. The Company's violations of the ADAAA were willful.

66. Plaintiff is entitled to recover her attorney's fees and costs pursuant to the ADAAA.

## COUNT V
### RETALIATION IN VIOLATION OF §215(a)(3)

67. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 23, above, as if fully set forth herein.

68. Plaintiff complained about Defendant's policy that fails to pay its employees for all hours worked.

69. Shortly after Plaintiff's complaints, Plaintiff's work environment deteriorated.

70. Despite no history of disciplinary action, write-ups, and/or poor performance reviews, Plaintiff was terminated in retaliation for her complaints related unpaid minimum / overtime compensation.

71. Defendant retaliated against Plaintiff because she continued to complain about Defendant's unlawful pay practices.

72. Defendant retaliatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violations of 29 U.S.C. §215(a)(3).

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

74. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, TIFFANY GOOGIN, seeks a judgment for Plaintiff and against Defendant for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 30th day of December, 2020.

Respectfully submitted,

**/s/ Gregory R. Schmitz**
Gregory R. Schmitz
Florida Bar No.: 0094694
Ryan D. Naso, Esq.
Florida Bar No.: 1010800
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 563-9986
E-mail: gschmitz@forthepeople.com
          rnaso@forthepeople.com
          mbarreiro@forthepeople.com
***Attorneys for Plaintiff***